IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) LENDY HEILAMAN,<br>　　　　Plaintiff,<br><br>v.<br><br>(1) ROSS DRESS FOR LESS, INC.<br><br>　　　　Defendant. | )<br>)<br>)<br>)  Case No. CIV-21-255-G<br>)<br>)<br>) *(Removed from the District Court of*<br>) *Oklahoma County, State of Oklahoma,*<br>) *Case No. CJ-2018-3024)* |

## NOTICE OF REMOVAL

Defendant Ross Dress for Less, Inc. ("Ross") removes the above-captioned case from the District Court of Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma under 28 U.S.C. §§ 1332, 1441, 1446. The grounds for removal are as follows:

1. Plaintiff commenced the above-styled action by filing a Petition with the District Court of Oklahoma County, State of Oklahoma, on June 1, 2018. The Petition is attached as Exhibit 1.

2. At the time of filing her original Petition, Plaintiff sought damages "for the amount of **$74,999**" and deliberately maintained that her damages were below the jurisdictional threshold for diversity jurisdiction. Ex. 1 (emphasis original).

3. On February 22, 2021, Plaintiff filed a Motion to Amend Petition seeking to "increase the amount of damages demanded" and alleging, for the first time in the litigation, that she sought judgment "in excess of seventy-five thousand dollars ($75,000.00)." Exhibit 2, Motion to Amend at Ex. A.

4. As set forth more fully below, Ross first became aware this case was removable upon Plaintiff's filing of a Motion to Amend Petition to increase her damages demand, and this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446.

5. Though more than one year has passed since the commencement of this action, the case is removable pursuant to 28 U.S.C. § 1446(c)(3)(B) because Plaintiff "deliberately failed to disclose the actual amount in controversy to prevent removal."

## I. Complete diversity exists between the parties.

6. Plaintiff is an individual and resident of Oklahoma County, Oklahoma. Ex. 1, p. 1. Accordingly, Plaintiff is a citizen of Oklahoma.

7. Ross is a corporation organized under the laws of Virginia, with its principal place of business in California. Ross is therefore deemed to be a citizen of Virginia and California. 28 U.S.C. § 1332(c)(1).

8. Because Plaintiff is a citizen of Oklahoma, and Ross is a citizen of Virginia and California, complete diversity exists among the parties.

## II. The amount in controversy is satisfied.

### a. *Plaintiff has placed more than $75,000 in controversy.*

9. When Plaintiff initiated this action, she alleged that she sought damages in the amount of $74,999. Ex. 1.

10. In particular, Plaintiff alleged the following categories of damages:

    a. Reasonable expenses of necessary medical care and treatment and services for Plaintiff (past and future);

    b. Physical pain and suffering (past and future);

    c. Mental pain and suffering (past and future);

    d. Disfigurement;

    e. Out of pocket mileage expenses traveling to and from medical appointments;

    f. Other damages to be set forth at the conclusion of discovery

    g. Punitive damages

Ex. 1, p. 5-6.

11. Ross was not on notice at the time of the initial pleading that more than $75,000 was at issue. However, Plaintiff's recent Motion to Amend Petition and her proposed First Amended Petition clarify that she has, in fact, placed more than $75,000.00 in controversy. Ex. 2. The sole purpose of Plaintiff's Motion to Amend is to increase her damages demand above the jurisdictional threshold. Thus, the amount in controversy is satisfied.

    b. *<u>Plaintiff deliberately concealed the amount in controversy to prevent removal</u>*.

12. Pursuant to 28 U.C.C. §§ 1446(b)(3) an action that was not removable upon the filing of the initial pleading may be removed within 30 days after receipt of a motion from which it may be ascertained that the case is or has become removable. Ross received Plaintiff's Motion to Amend Petition on February 22, 2021, and is filing this Notice of Removal within 30 days after such receipt.

13. In addition, pursuant to 28 U.S.C. § 1446(c), a case may be removed if it becomes removable more than year after commencement of the action if "the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

14. A bad faith effort to prevent removal can manifest in two ways, including efforts to "obfuscate the quantity of damages [plaintiff] seeks for the purposes of defeating the amount-in-controversy requirement." *Aguayo v. AMCO Ins Co.*, 59 F.Supp.3d 1225, 1261 (D.NM. Oct. 31, 2014).

15. If a plaintiff "deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith." 28 U.SC. § 1446(c)(3)(B).

16. Efforts simply to obfuscate the amount in controversy are sufficient to justify removal and prevent remand. In *Auto. Consulting Res., Inc. v. Interstate Nat'l Dealer Serv., Inc.*, the court denied a motion to remand based on the plaintiff's failure to disclose the amount of damages at issue. 2018 WL 3240962, Case No. 17-CV-225-JED-FHM (N.D. Okla. July 3, 2018). The same outcome is required here.

17. Plaintiff initiated this lawsuit on June 1, 2018, seeking damages related to an incident that occurred two years prior on June 5, 2016 in which Plaintiff was handling a plastic hanger while shopping and it broke, resulting in a piece of the hanger allegedly injuring Plaintiff's left eye.

18. Medical records produced in discovery indicate that Plaintiff sought treatment, including four (4) doctor's appointments in 2016, three (3) doctor's appointments in 2017, one (1) appointment in 2018, and one (1) appointment in 2019. Almost all of these visits (7 of the 8 appointments) occurred in the two years *before* Plaintiff

filed her Original Petition in state court. Accordingly, Plaintiff had the opportunity to be fully advised as to the extent and nature of her injuries, and significant time had passed since the alleged injury at the time of the initial filing. Despite this, Plaintiff alleged in her Original Petition that her damages did not exceed $74,999.

19. Now, Plaintiff is increasing her damages demand above the jurisdictional threshold, even though she has no new evidence or claims to support such an increase. The sole basis for Plaintiff's Motion to Amend and her increased damages demand is the passage of additional time. But two years had already passed before Plaintiff filed her Original Petition and she had already sought extensive medical treatment.

20. There is no reasonable justification for Plaintiff's delay and continued insistence that her damages were just below the jurisdictional threshold except that she deliberately failed to disclose the actual amount she was placing in controversy.

21. Accordingly, this actional is removable pursuant to 28 U.S.C. § 1446.

**III.     The procedural requirements for removal have been satisfied.**

22. As required by LCvR 81.2(a), a copy of the Docket Sheet, Oklahoma County, Case No. CJ-2018-3024 is attached as Exhibit 3.

23. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the state court matter are collectively attached as Exhibit 4 and Exhibit 5.

24. As required by 28 U.S.C. § 1446(d), a written notice of the removal will be served on all parties and a copy will be filed with the Clerk of the District Court for Oklahoma County promptly after this Notice of removal is filed.

25. This case is properly removed to the United States District Court for the Western District of Oklahoma, which "embrac[es] the place where such action is pending," pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because the procedural requirements for removal have been satisfied, and this Court has subject matter jurisdiction over this diversity action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests, and Plaintiff and Ross are citizens of different states.

WHEREFORE, Ross respectfully removes this action from the District Court in and for Oklahoma County to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

*/s/ Christian S. Huckaby*_____
Christian S. Huckaby, OBA #16131
Jennifer B. Puckett, OBA #33521
McAfee & Taft A Professional Corporation
Two Leadership Square, 8th Floor
211 N. Robinson
Oklahoma City, OK 73102-7103
Telephone: (405) 235-9621
Facsimile:  (405) 235-0439
chris.huckaby@mcafeetaft.com
jennifer.puckett@mcafeetaft.com

**Counsel for Defendant Ross Dress for Less, Inc.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 24th day of March, 2021, I caused a copy of the above instrument to be mailed by first class mail, postage prepaid, to

John L. Branum
Branum Law Firm, PLLC
9600 S. May Ave.
Oklahoma City, Oklahoma 73159
Attorney for Plaintiff

                                                  */s/ Christian S. Huckaby*