CD-18-3024
Davis



*104061636 3*

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

LENDY HEILAMAN

        Plaintiff

    v.

ROSS DRESS FOR LESS, INC.

JOHN DOE I (STORE EMPLOYEE)

JOHN DOE II (STORE EMPLOYEE)

UNKNOWN HANGER DISTRIBUTOR

UNKNOWN HANGER MANUFACTURER

        Defendants

**CJ-2018-3024**

Case No. CJ-2018-_____
**ATTORNEYS LIEN CLAIMED**

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUN – 1 2018

RICK WARREN
COURT CLERK
42_____

## PETITION

1. Plaintiff is a resident of Oklahoma County, Oklahoma.

2. Defendant, Ross Dress For Less, Inc. ("Ross") is a for profit corporation organized in Virginia.

3. Ross's principal place of business is in California.

4. Ross systemically does business in the state of Oklahoma.

5. John Doe I and John Doe II are residents of the state of Oklahoma.

    a. John Doe I is a Ross employee who made the final decision to place the hangers at issue in the store at issue and were aware of their use.

    b. John Doe II is a Ross employee who made the final decision to continue to use the hangers at issue in spite of their apparent failure and was aware of their use.

6. Unknown hanger distributor may be a domestic or foreign corporation with sufficient minimum contacts with Oklahoma that this Court's assertion of personal jurisdiction does not offend traditional notions of fair play and substantial justice.

7. Unknown hanger manufacturer may be a domestic or foreign corporation with sufficient minimum contacts with Oklahoma that this Court's assertion of personal jurisdiction does not offend traditional notions of fair play and substantial justice.

8. This Court has personal jurisdiction over all defendants.

9. This Court may assert subject matter jurisdiction.

10. This Court is an appropriate venue.

11. All defendants were negligent and as a result injured Plaintiff on or about June 5, 2016 at a Ross store located in Oklahoma, at 640 Ed Noble Parkway, Norman, Oklahoma 73072.

12. Ross, John Doe I, and John Doe II are liable in theories of premises liability and as a result caused the below described damages.

13. It is the duty of Ross and John Doe I and John Doe II to use ordinary care to keep **its** premises in a reasonably safe condition for the use of **its** invitees and customers. These defendants breached their duties to Plaintiff.

14. It is the duty of Ross, John Doe I, and John Doe II to remove or warn any and all invitees and customers of any hidden dangers on the premises that any of these defendants either actually knows about, or that **it** should know about in the exercise of reasonable care, or that was created by **it or any of its employees who were acting within the scope of their employment**.

15. Here, Ross, John Doe I, and John Doe II did not remove or warn customers of the hidden danger of dangerous hangers on the premises.

16. They all actually knew and/or reasonably should have known about the danger.

17. The danger was, in part, created by John Doe I and John Doe II and/or other Ross employees who contracted for the purchase of the hangers, made certain specifications for the hangers, received the hangers, tested or failed to test the hangers, placed the hangers out in the store, became subjectively aware of the hangers being dangerous or defective or reasonably should have become subjectively aware of the hangers being dangerous or defective.

18. All material actions were taken by Ross employees within the scope of employment by employees of Ross, inclusive of John Doe I and John Doe II, store employees of Ross.

19. The above duties extend to all portions of the premises to which an invitee may reasonably be expected to go.

20. Here, it is reasonably expected that customers who are shopping for clothing at Ross may remove pieces of clothing, look at those pieces of clothing, possibly try those pieces of clothing on, and then place those places of clothing back on the rack.

21. All Defendants have a duty to adequately test hangers for safety.

22. Defendants breached this duty or if they did not, failed to take appropriatre measures to protect customers in light of inofmraiton learned.  If no tests were completed, Defendants should have tested the hangers.  If tests were ran, the hangers should not have been used.  If the tests showed the hangers were safe, then upon learning

of the hangers' actual failures within the store, the hangers should have been discontinued for use until they could be fixed or replaced.

23. Defendants are all responsible for all the damages that resulted from the hanger failure.

24. Plaintiff sustained injuries to her left eye when a plastic hangar broke while she was attempting to re-hang an item of clothing onto a hangar on a Ross display rack.

25. As Plaintiff was re-hanging the item of clothing, the Ross plastic hangar broke, causing a piece of plastic to **launch into her left eye**, resulting in injuries.

26. Plaintiff was not negligent.

27. Plaintiff did nothing out of the ordinary for a shopper in a Ross store.

28. Plaintiff did nothing wrong to cause her own injuries.

29. Plaintiff was shopping in Defendant's store and as a customer, was an invitee.

30. A Ross employee, while in the course and scope of employment for Ross, informed Plaintiff, after her injury, that the store had recently switched to a new brand of plastic hangar, and that Ross employees, at that location, where aware that the new plastic hangers had a tendency to break under very little strain.

31. Ross apparently continued to expose the public, inclusive of Plaintiff of the risk of harm, regardless of explicit knowledge of their defective nature.

32. Unknown Hanger Distributor distributed the plastic hanger.

33. Unknown Hanger Manufacturer designed (or should have designed), tested (or should have tested), and manufactured the plastic hanger.

34. The hanger at issue did not perform in the manner of its intended purpose.

35. The hanger did not meet the reasonable expectations for such a hanger.

36. At the time the hanger was manufactured, it was defective in its manufacture and/or design.

37. At the time the hanger was distributed, it was defective in its manufacture and/or design.

38. At the time the hanger was being retailed and used by Ross, it was defective in its manufacture and design.

39. Because of the above actions and omissions by Defendants, Plaintiff incurred damages in an amount set forth below.

40. At all times material to this case, John Doe I and John Doe II were acting within the course and scope of employment with Ross Dress For Less, Inc. rendering said Defendant vicariously liable for Plaintiff's damages.

41. Defendants designed, manufactured, and/or distributed subject plastic hanger, which at all times material to this case, was in a defective and unreasonably dangerous condition due to its design and/or manufacturing, which caused, or contributed to, Plaintiffs injuries.

42. Defendants are strictly liable in products liability.

43. At all times material to this case, Defendants acted with reckless disregard for the safety of all Oklahoma families and individuals, including Plaintiff.

44. As a direct result of the subject injury, Plaintiff incurred damages, which are described below.

45. The actual damage categories for the jury to determine in this case are the following:

    a. Reasonable expenses of necessary medical care and treatment and services for Plaintiff (past and future);

    b. Physical pain and suffering (past and future);

c.  Mental pain and suffering (past and future);

d.  Disfigurement;

e.  Out of pocket mileage expenses traveling to and from medical appointments;

f.  for an amount to be set forth in discovery and determined by the jury; and

g.  Other damages to be set forth at the conclusion of discovery.

46. Defendants' actions warrant a verdict to include punitive damages to deter similar behavior.

47.  Defendants' are also liable under the manufacturers product liability theories, *to wit*:

a.  Defendants designed, manufactured, distributed, and retailed the plastic hanger at issue in this case;

b.  Defendants were in the business of designing and manufacturing such products;

c.  The plastic hanger was defective due to its design and/or manufacture, resulting in the subject plastic hanger being unreasonably dangerous to a person who uses, consumes, or might be reasonably expected to be affected by the plastic hanger;

d.  The plastic hanger was defective at the time it was sold or left each of the Defendants' control;

e.  Plaintiff was a person who used, consumed, or could have reasonably been affected by the plastic hanger; and

f.  Plaintiff sustained personal injuries directly caused, or contributed to, by the defect in the subject plastic hanger.

g. The subject plastic hanger was not reasonably fit for the purposes for which it

was intended and expected by the ordinary consumer or person who reasonably

could have reasonably been affected by the plastic hanger.

48. This Court has jurisdiction to adjudicate the matters to be tried in this lawsuit and this

Court is a proper venue.

49. For these reasons, Plaintiff prays for judgment for the amount of **$74,999**.

Dated this **1st** day of **June**, 2018.
**BRANUM LAW FIRM, PLLC**

John Branum, OBA No. 20165
Jay M. Mitchel, OBA No. 20784
One Leadership Square
211 N. Robinson Avenue, Suite 210
Oklahoma City, Oklahoma 73102
(800) 318-9950 Telephone
(800) 418-8210 Facsimile
john@branumlawfirm.com
jay@branumlawfirm.com
**ATTORNEYS FOR PLAINTIFF**